The next case call for oral argument is in Ray, the matter of the estate of Keen. Council. Please support. My name is Chuck Roberts. I'm an attorney from all the Illinois. I represent the executor. She was appointed as executor. Did the work in relation to the case was removed by the decision of this We appeal to your honors today. Irving Donnell King was my client and I prepared as well as a state plan. He had a major asset, which was a family farm, which he desired to keep in the family. He explained it to me and we put together a will that made distribution. That was not equal shares to the five children that he had with his first wife. The estate plan provided that the family farm go to Donna. She elected to sell her home and put the money from into the estate. Mr. King was concerned that Donna Sue Schnell might be intimidated by the poor siblings. He elected to use his second wife, Donna King, as the executive in his estate. And basically, she had about zero interest in the estate because they had a prenuptial agreement. And with that prenuptial agreement, she received nothing under the will, except an opportunity to live in the house for a period of months until Donna Sue Schnell could sell her own property in order to make the move if she desired. So, with very little interest in the matter, only the period of time to live there and no disbursement under the will, as Mr. King decided in his will that she has her own estate. There are two problems with this case. The first one concerns the cheating in the case, which is very vague. It doesn't really set forth any basis under the statute for removal. There are ten sections of the statute which call for removal of the executive when one of the ten can be pledged proof. But in this case, we feel there was none. Mr. Bovard points out in the brief of the appellant that we had the benefit of the bill of particulars. However, that's really not the case because the request for the bill of particulars was directed at the citation, which was signed by the trial judge without a hearing. And Mr. Burr, at the hearing of the matter, withdrew the citation and did not proceed on that. In denying the motion to dismiss, the trial judge simply said, well, you have your bill of particulars. But in fact, when the citation was withdrawn, I felt a little bit like the rug had been pulled out from under me in that respect because, no, we didn't have a bill of particulars at that point. The second problem with the case, Your Honors, is that there's really no evidence of a brief of duty. Emails which indicate that there's some innuendo exist in the case. But those emails were about an auction, and that auction actually did not take place while the property was in the hands of the executor. Instead... What's the standard of review for our court? Your Honor, there would be two different answers to that because there are two different questions. On the first question, on the pleading of the case under Section 2-615, the standard of review would be, because it's a judgment as a matter of law, the trial court's decision is reviewed de novo by this court. Now, on the other hand, on the second point concerning no evidence of a breach of duty by the executor, that standard of review for that type of case is against the manifest weight of the evidence. And in this case, it's our opinion that the trial court did abuse its discretion in finding that there was a breach by the executor. And the first reason we think the trial judge abused the discretion has to do with the fact that I don't think the trial judge understood from the decision that the auction, which did take place, actually took place after the property had been given by the executor to the four beneficiaries under the residuary clause, and they had signed releases for their interest and consented. So based on that, it would not seem that the trial judge understood that it wasn't the executor that conducted the auction. The beneficiaries had an auction after the distribution, but that was their work, and how they did that can't be attributed to the executor. How did they do that? So they got personal property, they signed a receipt for personal property, there was something left over, obviously, and then they conducted an auction? No. No. They got all of the personal property, lock, stock, and barrel. Nothing left. Nothing left for the executor to deal with in terms of personal assets. So they had it, they auctioned it, and so the estate is not harmed in any way by the conduct of the executor with regard to that. And where there is no harm, why would you be choosing to remove an executor? Well, the trial judge also indicated, secondly, that the inventory wasn't filed in a timely manner. And I don't think that the courts operate exactly on a timely manner. If you look at the statute, Section 7 for removal of a representative fails to file an inventory or accounting after being ordered by the court to do so. But that wasn't the case here. There was no order. The inventory wasn't filed in the first 60 days, but we were trying to make it as accurate as we could. And as soon as there was a question raised about it, I believe it was filed the next day. But basically, the only statutory sections cited by the petitioners for removal of the executor in this case are ways to mismanage the estate. And there's no evidence in the record of any doubt or loss at all in this. There was a question, and your honors are hearing the case today about a pickup truck. I apologize for that, but that's the case you're hearing. There was a question about the pickup truck, which the executor used to move some items, which the executor used in doing the estate's business at a period of time. But there was no indication that the value of the pickup truck was diminished in any respect. And there was evidence that the executor caused oil to be changed in the truck and apparently took care of it. The executor is marshalling assets. A pickup truck is apparently an item that's potential. The person who got the pickup truck received it. There's no evidence of any change in the value. One of the children, I think it was Donna Schnell, got the property. She sold her house or property and then bought the farm property, right? She sold her house and then the farm essentially became a lifetime exchange of the money from her property going into the estate. And the title needs to be transferred to her. There's a motion on file to authorize the executor to transfer that deed to her. Is that the only thing left for the executor to do because all the person's property is gone? Yep. That's it? That and you'll also find in the filing, your honor, there's a filing report and an accounting which we filed as part of our case to show that the executor is fit to serve. And I think basically if you were to reverse this decision, the only things to be done are to have the trial court approve the transfer of that deed, review the accounting to see if it's appropriate, and finally to review the final report and discharge the administrator if all those things are in good form. The case is done. What are we here for? Well, we're here because the trial court decided to remove the executor before that deed was transferred, before the final accounting was looked at, and before the final report was considered. And I didn't understand it, but then I'm not very understanding it. Yes, it seemed to me the quicker thing to do was to take those matters up. The court ruled from the bench that the executor would be removed and stated his reasons for that, that the account, that the inventory hadn't been filed in time. The statute says, fails to file an inventory after being ordered by the court to do so. We didn't have a situation where there was such a delay that there was an order by the court to do so. I don't know, Your Honor. That's a tough answer to give an appellate judge. I don't know why the case was not concluded, but the trial judge did not want to go that direction. I guess my question was, why is it here? Why is it being appealed? Because the executor needs to be in office to transfer that deed. Well, there is an executor now. I guess there's a substitute executor or administrator at Willenext or whatever. There is one that can do these pretty much perfunctory duties of signing over the deed to the property and filing a final report, and everybody goes home. Well, it hasn't been done, Your Honor, for all the cases here. It hasn't been done. I don't know. It would seem to me that the expeditious thing to do upon seeing those would have been to set them for hearing and finish the case within the next... Well, I don't know. You've got a problem maybe with the trial court's jurisdiction once there's a notice of appeal filed. I don't know whether that would prevent the new executor from performing any duties. But anyway, go on. Well, basically, are you here asking us to reverse this order so these mere perfunctory things can be done and then wrap up the estate? Yes. That's correct, Your Honor. That's what we're asking, quite simply. And we don't think that they've shown any basis for removal under the statute. They rely on other good cause. Well, the good cause they seem to rely upon is the obvious animosity between the parties in this case. Is that sufficient for the trial court in the exercise of its discretion to remove the executor? I don't believe so, Your Honor. I think in a situation like this, the just animosity is certainly not enough. You could have a situation, Your Honor, where an administrator had to do something that nobody liked that it had to be done at everybody's interest. And is that the kind of case where you're going to remove that administrator? And in this kind of situation, the fact that perhaps cited from the State of Kirk at 242 Illinois Appellate Code 68, next to the last page of the document, Your Honor, an executor may not be removed merely because the beneficiaries of the will might have handled the estate differently and prefer a different executor. And I think that answers your question, Your Honor. It's a situation where mere animosity between parties should not stop people from finishing their work, doing their job. And that's why I think the trial judge went wrong, erred and should be reversed. Did the trial court state on the record any prejudice to the estate or detriment? Because she made a mistake about the auction, obviously. She talked about the auction, which didn't occur, because the heirs got the property, and then they held their own auction. Was there anything stated in the record that she faced as prejudice to the estate or detriment to the estate? Why? Judge, I find nothing. I find nothing. I think that that section of the statute completely is ignored by the evidence and doesn't exist as a basis for removal. I think there was no basis for removal. And the trial judge, for that reason, made a decision against the manifest way of the evidence. If there are no other questions, I need to make up some time. Thank you, Counsel.  Good morning, Your Honor. My name is Mark Bovard, and I'm appearing here today on behalf of the Petitioners and Appellees who are the children of Irvin Keene, along with the trial court attorney, Patrick Burke. I believe that your inquiry hit the proverbial nail on the head as to why we're here. And the answer that I would give you on behalf of the Petitioners is that this appeal is a further manifestation of the animosity that the former executrix has toward these children. Meaning, if in fact all there is to do are these perfunctory jobs of final inventory and final accounting, then why not honor the trial court's ruling, allow the persons who are admittedly the interested persons to do those things? Why not do this? Why not, if there are just perfunctory duties there, honor the deceased's wishes to have his executor, if he was the one that nominated his second wife, why not honor his wishes and get the thing done also? I mean, it's the other side of the same coin. Understood. And the response to that is that the deceased, Mr. Keene, would not have contemplated the animosity and the disdain and the horrible conduct displayed by the executrix to the interested parties. Meaning, had she not done these things that the evidence showed, then I would agree with your position. But we've had a trial court judge who had the obvious benefit of evaluating Ms. Keene and the other witnesses, make a determination that she's no longer fit to do those things. What was the detriment to the estate that caused the removal? I'm going to answer your question in twofold, Mike. One, the question of detriment and actual harm is not the standard under Section 23-2. There's nothing that says you have to have a pecuniary loss or some prejudice. Okay, what was the basis then? The basis was threefold, Judge, except for the petition and the evidence. One was waste and mismanagement of the estate assets. There was a use of a personal truck, or of a truck of Mr. Keene, that she used for her own personal benefit, not for estate use. I believe the evidence showed that this case was pending in Richland County, which is obviously Albany. The executrix lived up in Mattoon, a good 70 miles away. And she used this estate asset for her personal benefit to go back and forth between the respective counties. Secondly, there were other assets, such as reclining. It was a gift, but she wanted to manipulate it so that it wouldn't look like being an estate asset. There were assets of his personal business, a radio tower business, that she was trying to manipulate. And there's three or four examples of that in the record, Judge, where she attempted to characterize things for her personal benefit, even though she has no interest under the will. She attempted to do this to further display the animosity she had. Couldn't that be addressed by challenging the inventory that was filed? It could, Judge. And getting all this taken care of in the trial court without coming up here and wasting a lot of time and presumably money to appeal the case. I totally agree. I mean, obviously the most efficient way of doing this and for judicial comedy would have been to recognize Judge Harold Porter, allow the successor executor to take the oath of office and have letters issued, and allow her to wrap things up. But that wasn't done. Or to challenge the inventory that was filed, right? If you say that some of the items, I assume that's what you mean, some of the items of the estate were not going to be listed as estate property. That's true. The heirs could challenge that also. But if we looked at it in the context of what had occurred up until the point of the petition being filed, you have numerous incidents where this individual has made undisputed claims that she's going to milk the estate dry, that she was going to put these petitioners through hell because she felt like she had similarly been treated. When you have comments like that, Judge, then that gives a beneficiary question as to whether or not the estate's being properly administrated. So while you could challenge the inventory, you still have other issues. I would point out that there are still about $65,000 in cash that needs to be distributed to the petitioners under the will. Upon information and belief, they've never been provided any evidence of a tax return or a 1041 return for the sale of the property or the transaction of the property. No deed has ever been delivered to Donna Chanel. So there still are other things that need to be done besides the preconditions. Did the executor file a bond, have a surety bond? Your Honor, I cannot state that with certainty. As the appellate attorney, I did not familiarize myself with that, so I do not want to give an inaccurate answer. I mean, that would be additional protection for the heirs in case she dissipated or incurred some penalties for not filing a tax return. That's correct. But at the same time, everyone would like to get this resolved in a timely manner as soon as possible, but they're not in the position of appellees to fast forward this and must participate in this function through the briefs and through the oral argument. So if I can, if I understand your position correctly, although there has been this obvious animosity, although there have been problems, there has not been actual, except for the use of the truck, actual detriment to the estate. But your position is that the trial court, in anticipation of either piecemeal litigation of the entire estate because of challenge of everything done, or future actual detrimental actions to the estate, decided in her discretion to remove this executor and replace her. Is that essentially your position? Essentially, it's correct. If I could supplement that, one of the most significant assets is the money received from the sale of the land that was the lifetime exchange. And the evidence showed that was not a positive interest bearing account, and here we are now going upward to 24 months. But the money hasn't been dissipated. It just hasn't been, it has not been put in an interest bearing account. Is that correct? Properly invested. Okay. Yes. All right. Yes, that's correct. And one of the cases we decided to leave was the engraving of the estate of Glenose, G-L-E-N-O-S. The appellate court stated that because the fraud, mismanagement, the conduct is merely incipient at its inception, doesn't mean we have to wait until the acting executor does something that actually causes prejudice or harm to the beneficiary. And so this is heading off to the past, if you would. In the instance that Donna King continued to act in the same manner, this has cut that ability off. And so I would note that the final accounting and the documents that are filed on behalf of the former executor were done in response to the petitions where she was being sought to be removed. There was nothing done prior to that. And so I would argue that this precipitated her in getting in the show on the road and trying to get this thing wrapped up. Do you anticipate, I mean, what else needs to be done to close the estate, I guess? I think that we'd need accounting from the actions to date from the former executor. And then assuming that that is accurate, then we would have to file the cert tax returns. There would have to be a distribution of the money that is being held in the bank accounts. So basically what you normally do to terminate the estate? Yes, yes, correct. No other sales or any complicated matters? That's correct. The only other issue that remained open at the trial court was whether or not under the statute there were costs related to the conduct of the executrix that warranted her removal. What about fees? Executor fees? Is that an issue? It potentially could, Judge. I think at the trial court, Judge Harrell reserved that for the determination as to whether or not fees are contemplated under the statute. Well, executors customarily get fees. I'm sorry, yes. I thought you were referring to attorney fees. No. Yes. There would probably more likely than not be a petition for executor fees filed by Ms. Keene. And at that point, the judge would have to determine whether it's warranted or based on what she heard already, whether it should be denied based on her conduct. So we may see it again. I'd hate to say that, but I think I'm going to have to answer your question honestly. I mean, this thing's going to end up at the circuit court level. And whether it's in good faith or not is not for me to say, but potentially we may be back here if that's the route we go. You aren't the only case that will have been back here many times. Understood. If your honors have nothing further, I'll refer again to Mr. Roberts. Thank you, counsel. Counsel? Your honor, I guess going backwards through some of the points here. First of all, regarding the money in the account, it's currently in an interest bearing account, but I think it only bears about 1% or something in that order. Judge Spilberg, you asked about a bond. Bond is currently in the filing amount of $100,000. And, you know, sometimes, judge, whether it's sad or not, whether it's people make statements, put them through hell, that's not a very nice statement. But, you know, the fact is that that's not been the case as the documents show that all of the personal property was transferred. And consents were obtained. These matters were resolved. You know, there's nothing in the pleadings about money being in an interest bearing account. There's nothing in the pleadings about some of these issues we've heard. And so I go back to the original point. If the judge had required initially that there be some exactitude in the original pleading that, well, actually it was the amended pleading that brought us here to this court, maybe we wouldn't have been fighting over the pickup truck. It's not something where actual loss was proven in the record. Finally, with regard to counsel's statement about the radio tower being manipulated, I thought that was interesting. I guess I have a bad sense of humor. The radio tower is a fixture located on the farm. And the radio tower, therefore, would go with the real estate. And so how you manipulate that is unknown to me. And that's not part of pleading in the case anyway. So here I am at the appellate court responding to something that I hadn't seen before. If there are no other questions, we thank you for your time today. I don't think there are. Thank you. We appreciate the briefs and arguments of counsel. We'll take this case under advisement. The court will be at a very short recess and then conclude the morning docket.